UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REVERSE MORTGAGE SOLUTIONS,
INC.,

    Appellant,

v.                                               Case No: 8:15-cv-809-T-36

ELLA LEE INMON,

    Appellee.
_____/

## **ORDER**

This matter comes before the Court upon the Appellant's Amended Motion for Extension of Time to File and Serve Appellant's Brief (Doc. 8), Appellee's response thereto (Doc. 9), Appellee's Motion to Dismiss (Doc. 10), and Appellant's response thereto (Doc. 12). In the motion for extension of time, Appellant states that it should be granted an extension of time to file its initial brief because it miscalculated the due date based on an old version of the Federal Rules of Bankruptcy Procedure. The Court, having considered the motion and being fully advised in the premises, will deny Appellant's Amended Motion for Extension of Time to File and Serve Appellant's Brief and grant Appellee's Motion to Dismiss.

**I.**    **Background**

On April 6, 2015, Appellant Reverse Mortgage Solutions, Inc. ("RMS") filed a Notice of Appeal regarding the Bankruptcy Court's Order Granting Debtor's Corrected Verified Motion to Avoid Mortgage Lien Effective Upon Discharge, entered on March 16, 2015 in Case No. 8:13-bk-06202-CPM. *See* Doc. 1. On April 9, 2015, RMS filed its Designation of Record to be Included on Appeal in the Bankruptcy Court. *See* Doc. 2-4. On April 24, 2015 Appellee Ella Lee Inmon ("Inmon") filed her Designation of Additional Items to be Included in the Record on Appeal. See

Doc. 2-5. That same day, the Clerk of the Bankruptcy Court filed a notice of transmittal of the record to the District Court and the Clerk of the District Court electronically filed the Bankruptcy Record on Appeal. *See* Doc. 2. An electronic notice of filing the record on appeal was sent to counsel for both parties. *See id.* at Receipt. No activity occurred in this appeal for two months, when Frederic J. DiSpigna, as counsel for RMS, filed a Notice of Appearance (Doc. 3).

On July 6, 2015, the Court entered an Order directing RMS to show cause why the appeal should not be dismissed for failure to file a timely initial brief as required by Federal Rule of Bankruptcy Procedure ("Rule") 8018(a)(1), which states: "The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Appellant timely responded to the show cause Order, stating that its initial brief was not yet due because the Clerk of the District Court had not yet filed a "Notice of Docketing Appeal." *See* Doc. 5. Counsel for RMS further stated that he had contacted the District Court Clerk's Office on some unspecified date and was told by someone, whose name he does not recall, that a separate Notice of Docketing would be issued by the Clerk which would then trigger the "14-day brief deadline" and, therefore, counsel had not yet begun drafting the appellate brief. *See id.* Two days later, RMS filed a Motion for Extension of Time to File Appellant's Brief, noting that its response to the show cause order mistakenly relied on an old version of the Bankruptcy Rules, rather than the current version which became effective on December 1, 2014. *See* Doc. 6. This motion was denied without prejudice for failure to comply with Local Rule 3.01(g), which requires, inter alia, that "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion."

RMS then filed the instant Amended Motion for Extension of Time, indicating that counsel for both parties had conferred and that Inmon's counsel indicated that it opposes the extension of time. *See* Doc. 8 at ¶¶ 10-11. Inmon filed her timely response in opposition to that motion on July 20, 2015. *See* Doc. 9.

**II.     Discussion**

In a bankruptcy proceeding, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Following the filing of such a notice, an appellant has fourteen days to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1). The appellee then has another fourteen days to "file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record." Fed. R. Bankr. P. 8009(a)(2). Following these designations, the Clerk of the Bankruptcy Court compiles the record and transmits it to the Clerk of the District Court, who dockets the record in the appeal and notifies the parties of such docketing. Fed. R. Bankr. P. 8010(b).

The time for filing the appellant's initial brief is provided in Rule 8018, which states in pertinent part:

> (a) Time to serve and file a brief. The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:
>
>   (1) The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically.
>
> . . .
>
>   (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal--or the district court or BAP, after notice, may

dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Fed. R. Bankr. P. 8018(a). Rule 9006(b) controls enlargement of this time period and provides:

> (b) Enlargement.
>
> (1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
>
> (2) Enlargement not permitted. The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.
>
> (3) Enlargement governed by other rules. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code [11 USCS § 1116(3)], only to the extent and under the conditions stated in Rule 1007(c).

Fed. R. Bankr. P. 9006(b). Accordingly, in the instant case, this Court has discretion to extend the time for filing appellant's initial brief only if the failure to timely file the brief was the result of "excusable neglect."

> In *Pioneer [Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993)], the [Supreme] Court, interpreting Bankruptcy Rule 9006(b)(1), held that "excusable neglect" is to be determined by reference to a four-factor test: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." at 395, 113 S. Ct. at 1498 (emphasis added).

4

*Advanced Estimating Sys. v. Riney,* 130 F.3d 996, 997-998 (11th Cir. 1997).

### A.   The danger of prejudice to the Appellee.

Appellee has not specified any particular prejudice suffered by her as a result of the delay in filing an initial brief. Thus, this factor weighs in favor of granting the extension of time.

### B.   The length of delay and its potential impact on judicial proceedings.

Appellant's brief was due 30 days after the transmittal of the bankruptcy record, which occurred on April 24, 2015. Appellant took no action in this case until two months after that transmittal when a notice of appearance of a second attorney appearing on behalf of RMS was filed. The instant motion was filed on July 13, 2015 – approximately seven weeks after the initial brief was due and, again, only after the Court issued an order to show cause. Thus, the delay has already impacted the judicial proceedings by requiring the Court to inform RMS' counsel of their obligations, issue a show cause order, and rule on the instant contested motion. Going forward, it appears that the delay would have little effect on the proceedings. Thus, this factor appears neutral.

### C.   The reason for the delay, including whether it was within the reasonable control of the movant.

The reason for the delay, according to RMS, is that its counsel was relying on an old version of the Bankruptcy Rules. Obviously, this was in reasonable control of the movant as the new Bankruptcy Rules are publicly available and had been for at least four months prior to the filing of this appeal. Appellee correctly notes that, applying the *Pioneer* test, the Eleventh Circuit has held "'as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline'" *Riney,* 130 F.3d at 998. *See also Hansjurgens v. Bailey (In re Bailey),*

521 Fed. Appx. 920, 921-922 (11th Cir. 2013). In coming to this conclusion, the Eleventh Circuit noted that "no circuit that has considered the issue after *Pioneer* has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect." *Riney*, 130 F.3d at 998. It is unclear from the caselaw whether this holding requires denial of the extension motion without evaluating the remaining *Pioneer* factors, however, it certainly suggests that this factor weighs heavily in favor of denying the extension.

**D. Whether the movant acted in good faith.**

No evidence has been presented on this element. RMS appears to imply that it acted in good faith because its counsel called the Clerk's office to verify when the fourteen-day time period for filing its brief would commence. However, RMS has not indicated when that call was made and its counsel cannot name the person he spoke to in the Clerks' office. Furthermore, counsel for RMS is responsible for complying with the correct versions of applicable rules and cannot rely on statements by clerk's office staff regarding deadlines. Finally, the movant's good faith is called into question by the fact that RMS also did not file a statement of disputed issues and did not request an extension of time to do so. The rule concerning this statement, Rule 8007, was not changed by the 2014 amendments. Therefore, counsel for RMS should have been aware of the Rule and complied with it. Accordingly, this factor weighs slightly in favor of denying the extension.

**III. Conclusion**

Based on the foregoing analysis, this Court will deny Appellant's request for an extension of time to file its initial brief. Appellant has failed to show excusable neglect for its failure to timely file the initial brief. As a result, this case will be dismissed for failure to file an initial brief and failure to timely seek an extension of time to do so. Accordingly, it is hereby

**ORDERED AND ADJUDGED that**:

1. Appellant's Amended Motion for Extension of Time to File and Serve Appellant's Brief (Doc. 8) is **DENIED**;

2. Appellee's Motion to Dismiss (Doc. 10) is **GRANTED**;

3. This appeal is **DISMISSED**; and

4. The Clerk is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Tampa, Florida on October 16, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any